## Minnie Schoenle, Plaintiff in Error, v. Great Eastern Casualty Company, Defendant in Error.

### (Not to be reported in full.)

Error to the County Court of Sangamon county; the Hon. CHARLES J. GEHLBACH, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Action under an accident insurance policy by Minnie Schoenle, plaintiff, against the Great Eastern Casualty Company, defendant, for death of the insured. To review a judgment against her, the plaintiff prosecutes a writ of error.

The defendant company's agent knew at the time of the issuance of the policy and making of the application that a policy formerly held by the applicant in another company had been canceled, which fact the applicant failed to mention in the proper space in the application.

ANDRUS & TRUTTER, for plaintiff in error.

T. J. SULLIVAN, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 122*—*when application not part of accident policy.* An application for an accident insurance policy, *held* not to have been made a part of a policy stating that such application had been made a part thereof by indorsement thereon of a copy of such application, where such copy differed materially, as to facts stated, from the original application.

2. INSURANCE, § 331*—*when insurer may not forfeit policy.* An

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

insurance company cannot forfeit a policy for causes known to the agent at the time he issued it.

3. INSURANCE—*when knowledge by agent of facts concerning applicant which are ground for forfeiture question for jury.* In an action on an accident insurance policy, *held* a question for the jury whether the agent knew facts concerning the applicant at the time of issuance of the policy which, had he not known them, would have been ground for forfeiture.

4. INSURANCE, § 686*—*when manner of death of insured question for jury.* In an action on an accident insurance policy, the question whether the insured was a temperate man and met his death by accident or as a result of alcoholism, *held* for the jury, the evidence being conflicting.